IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**CHARLES FARDEN,**

    **Plaintiff,**

v.

                                                     Case No.:

**THE UNITED STATES and
JOHNATHAN J. VIGIL,**

    **Defendants.**

## COMPLAINT FOR DAMAGES

**CHARLES FARDEN**, a citizen of the United States and resident of the State of New Mexico, by and through the undersigned counsel of record, respectfully submits this Complaint for Damages against the United States pursuant to the Federal Tort Claims Act, 28 U.S.C. 1346(b) and 28 U.S.C. 2680(h) for assault, battery, false imprisonment, and false arrest and against United States Department of the Interior, Bureau of Indian Affairs, Office of Justice Services Police Officer Johnathan J. Vigil under <u>Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics</u>, 403 U.S. 388, 389 (1971) for unlawful search and seizure in violation of Mr. Farden's rights as guaranteed by the U.S. Const. amend. IV.

### I.    THE PARTIES, JURISDICTION, AND VENUE

1. Mr. Charles Farden has at all times relevant to this matter lived within the boundaries of the Pueblo of Picuris, New Mexico.

2. Mr. Farden is not an enrolled member of the Picuris Pueblo or of any indigenous nation, pueblo, or tribe.

3. The United States Department of the Interior, Bureau of Indian Affairs, Office of Justice Services is a "Federal agency" within the meaning of the Federal Tort Claims Act.

4. Police Officer Johnathan J. Jivil was at all times relevant to this matter a federal law enforcement officer for purposes of the Federal Tort Claims Act.

5. Defendant Vigil's conduct of September 29, 2021 that forms the basis of Mr. Farden's claims under the Federal Tort Claims Act occurred within the course and scope of Officer Vigil's employment as a federal law enforcement officer with the Department of the Interior.

6. Defendant Vigil undertook the conduct of September 29, 2021 that forms the basis of Mr. Farden's <u>Bivens</u> claim under color of Officer Vigil's authority as a federal law enforcement officer employed by the Department of the Interior.

7. The District Court has jurisdiction over Mr. Farden's claims, but the Court applies the law of the state "where the act or omission occurred." 28. U.S.C. Section 1346(b).

8. Mr. Farden presented his tort claim in writing to the United States Department of the Interior and to the Attorney General of the United States within two years of the events of September 29, 2021. Mr. Farden sought damages in the amount of $3,500,000.00 (three million five hundred thousand dollars).

9. To date, Mr. Farden has not received a final notice from the Department of the Interior denying Plaintiff's tort claim. Mr. Farden's tort claim is therefore deemed denied. 28 U.S.C. Section 2675(a).

10. This Complaint is thus timely filed within two years of the events of September 29, 2021 that give rise to Mr. Farden's tort claims in this matter.

11. Venue is proper in this Court.

## II. THE FACTS

12. Mr. Farden hereby incorporates all other allegations set forth in this Complaint by reference as if fully set forth herein.

13. Mr. Farden was at all times relevant to this matter authorized to cultivate and consume cannabis for medical purposes and personal consumption under New Mexico state law and under the laws of the Pueblo of Picuris.

14. Mr. Farden was at all times relevant to this matter a card-carrying participant in the New Mexico Medical Cannabis Program. Mr. Farden's disabling physical and psychological disabilities qualified them for participation in the New Mexico Medical Cannabis Program.

15. On September 29, 2021, Mr. Farden was engaged in cultivating medical cannabis on private property within the boundaries of the Pueblo of Picuris (hereinafter referred to as Mr. Farden's "medical cannabis grow.").

16. Mr. Farden's medical cannabis grow was located in a rural area, surrounded by sparse housing. Mr. Farden's medical cannabis grow was located outside, in an open field.

17. In compliance with the rules of the New Mexico Medical Cannabis Program, Mr. Farden's medical cannabis grow was encircled by a fence and tarping that occluded Mr. Farden's medical cannabis plants from public view. Mr. Farden's medical cannabis plants were not, at any time relevant to this matter, out in plain view or visible to passers by.

18. On September 29, 2021, Defendant Vigil, acting under color of law and within the scope and course of his employment, patrolled along a roadway some several hundred yards away from Mr. Farden's medical cannabis grow.

19. The wind on September 29, 2021 was not blowing in the direction from Mr. Farden's cannabis grow towards the roadway that Officier Vigil was patrolling. On the contrary, the wind was blowing in the opposite direction.

20. Despite the wind blowing in the wrong direction, and despite Mr. Farden's medical cannabis plants not being in plain view, Officer Vigil drove off on the roadway, pulled up to Mr. Farden's medical cannabis grow, approached Mr. Farden and demanded to search Mr. Farden's medical cannabis grow.

21. Officer Vigil informed Mr. Farden that he somehow smelled a strong odor of "raw" cannabis coming from Mr. Farden's cannabis grow. This allegation is patently unreasonable given that Mr. Farden's medical cannabis plants were not in plain view and given that the wind was blowing in the opposite direction.

22. Officer Vigil then placed Mr. Farden, a diabetic who uses a cane, in handcuffs. Officer Vigil required that Mr. Farden remain handcuffed, outside for two hours under the midday sun without water while Officer Vigil conducted an unreasonable and unlawful search of Mr. Farden's medical cannabis grow.

23. Mr. Farden did not provide Officer Vigil with written or oral consent to search Mr. Farden's medical cannabis grow. Mr. Farden had a reasonable expectation of privacy in his medical cannabis grow, given that the grow was not in plain view.

24. Upon searching Mr. Farden's medical cannabis grow, Officer Vigil seized six medical cannabis plants from Mr. Farden's grow.

25. Officer Vigil then allegedly took samples from three of the medical cannabis plants, and had the remaining plant material buried or otherwise destroyed.

26. Mr. Farden uses medical cannabis to treat disabling physical and psychological conditions. Officer Vigil's unlawful, warrantless search of Mr. Farden's medical cannabis grow and destruction of Mr. Farden's medicine has caused Mr. Farden to suffer personal injury and the loss of property.

## III. CAUSES OF ACTION

**COUNT ONE-ASSAULT AND BATTERY (AS TO DEFENDANT UNITED STATES)**

27. Mr. Farden hereby incorporates all other allegations set forth in this Complaint by reference as if fully set forth herein.

28. On September 29, 2021, Defendant Vigil did use excessive force against Mr. Farden.

29. Officer Vigil did on September 29, 2021 act intending to cause harmful or offensive contact with Mr. Farden's person, did cause Mr. Farden to develop an imminent apprehension of such a contact, or did make offensive contact with Mr. Farden's person without lawful authority or the privilege to do so by placing Mr. Farden, a diabetic who uses a cane, in handcuffs and further requiring that Mr. Farden remain handcuffed, outside under the midday sun without water.

30. Mr. Farden has been damaged as the direct and proximate result of Officer Vigil's assault and battery in an amount to be proven at trial.

**COUNT TWO-FALSE IMPRISONMENT AND FALSE ARREST**
**(AS TO DEFENDANT UNITED STATES)**

31. Mr. Farden hereby incorporates all other allegations set forth in this Complaint by reference as if fully set forth herein.

32. Officer Vigil lacked probable cause to detain Mr. Farden or to place him in handcuffs for a period of at least two hours on September 29, 2021.

33. Officer Vigil lacked reasonable suspicion to approach Mr. Farden for any reason on September 29, 2021.

34. Officer Vigil did intentionally confine and restrain Mr. Farden without consent and with knowledge that the Officer had no lawful authority to do so.

35. Mr. Farden has been damaged as the direct and proximate result of Officer Vigil's false imprisonment and false arrest in an amount to be proven at trial.

## COUNT THREE-BIVENS CLAIM FOR UNLAWFUL SEARCH AND SEIZURE IN VIOLATION OF U.S. CONST. amend. IV (AS TO DEFENDANT VIGIL)

36. Mr. Farden hereby incorporates all other allegations set forth in this Complaint by reference as if fully set forth herein.

37. The Fourth Amendment to the United States Constitution protects Mr. Farden from being subject to unreasonable searches and seizures.

38. Mr. Farden had a reasonable expectation of privacy in his medical cannabis grow.

39. Officer Vigil's search of Mr. Farden's medical cannabis grow was unreasonable in light of the totality of the circumstances.

40. Officer Vigil's seizure of Mr. Farden's person and of Mr. Farden's property (six medical cannabis plants) was likewise unreasonable given the totality of the circumstances.

41. Officer Vigil did not have a warrant to search Mr. Farden's medical cannabis grow on September 29, 2021.

42. Officer Vigil's warrantless search of Mr. Farden's medical cannabis grow was not necessary to prevent the imminent destruction of evidence, to prevent death or imminent great bodily harm to any person, or to pursue a person fleeing arrest.

43. Officer Vigil had ample time and opportunity to obtain a warrant to search Mr. Farden's medical cannabis grow, if the Officer did indeed have probable cause to support such a request.

44. Mr. Farden has been damaged as the natural and direct result of Officer Vigil's unreasonable and unlawful search of Mr. Farden's medical cannabis grow, and the Officer's unlawful and unreasonable seizure of Mr. Farden's person and property (six medical cannabis plants).

## IV. PRAYER FOR RELIEF

**WHEREFORE**, Mr. Farden respectfully asks the Court to enter judgment in their favor and to award Plaintiff all damages available to him under law or equity, including without limitation compensatory damages, attorney's fees, and costs.

Mr. Farden lastly asks the Court for any other forms of relief it deems just and proper.

DATED: September 28, 2023

Respectfully submitted,

**CANDELARIA LAW LLC**

*/s/ Jacob R. Candelaria*
_____
Jacob R. Candelaria
*Attorney for Plaintiff*
P.O. Box 27437
Albuquerque, New Mexico 87125
Ph: 505-295-5118
jacob@jacobcandelaria.com